J-S01038-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | |
| v. | : | |
| | : | |
| MOHAMMAD SOHAIL SALEEM, | : | |
| | : | |
| Appellant | : | No. 645 MDA 2016 |

Appeal from the PCRA Order March 24, 2016
in the Court of Common Pleas of Lebanon County,
Criminal Division, No(s): CP-38-CR-0000565-2014;
CP-38-CR-0001112-2014

BEFORE:  GANTMAN, P.J., DUBOW and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED MARCH 28, 2017**

Mohammad Sohail Saleem ("Saleem"), *pro se*, appeals from the Order denying his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

In its Opinion filed on July 22, 2016, the PCRA court set forth the relevant history underlying the instant appeal.  **See** PCRA Court Opinion, 7/22/16, at 1-12.  We adopt the PCRA court's recitation for the purpose of this appeal.  **See id.**

Briefly, Saleem pled guilty to indecent assault and the summary offense of harassment involving two victims.[2]  The victims were employees of a small business owned by Saleem.  Upon his guilty plea, the trial court ordered an assessment to determine whether Saleem is a sexually violent

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] **See** 18 Pa.C.S.A. §§ 3126, 2709.

predator pursuant to 42 Pa.C.S.A. § 9792. Saleem was thereafter found to be a sexually violent predator. At sentencing, following a discussion regarding possible deportation proceedings, the trial court sentenced Saleem to an aggregate prison term of 21 months to 10 years. Saleem subsequently filed two post-sentence Motions claiming ineffective assistance of counsel, which the trial court denied without prejudice to Saleem for seeking relief under the PCRA.

Saleem timely filed the instant *pro se* PCRA Petition, claiming that his plea was unknowing and involuntary. In his Petition, Saleem asserted that he had been promised that he would be deported if he entered a guilty plea. The PCRA court appointed counsel to represent Saleem. At the evidentiary hearing, Saleem's PCRA counsel argued that the plea agreement required the immediate deportation of Saleem, and that the Commonwealth violated this agreement. The PCRA court denied Saleem's Petition. Although Saleem was represented by counsel, Saleem subsequently filed numerous *pro se* documents, including a *pro se* Notice of Appeal, followed by a *pro se* court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal. After a **Grazier**[3] hearing, the trial court permitted Saleem to proceed *pro se*, but with appointed stand-by counsel. Saleem subsequently filed a revised Rule 1925(b) Concise Statement, which raised additional claims.

---

[3] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

Saleem now presents the following claims for our review:

1.  Whether the evidence presented in the PCRA [c]ourt was sufficient to establish that trial counsel was ineffective by coercing or misleading [Saleem] to enter a guilty plea [that] was not knowingly, voluntarily and intelligently entered?

2.  Whether the PCRA [c]ourt erred in denying [Saleem's] PCRA Petition where a plea of guilty was induced[,] and [Saleem] is innocent?

3.  Whether the sentencing and PCRA [j]udge, Bradford H. Charles [("Judge Charles"),] demonstrated bias by statements [he] made during the proceedings?

4.  Whether PCRA [c]ounsel was ineffective in failing to investigate and raise claims of arguable merit?

Brief for Appellant at 7.

Because they are related, we will address Saleem's first two claims together. Saleem first claims that the PCRA court improperly determined his plea was not unknowing, involuntary and misleading. *Id.* at 16. Saleem contends that his plea counsel coerced and misled him into pleading guilty, based upon a representation that Saleem would be immediately deported to Pakistan. *Id.* Saleem quotes a letter from his plea counsel, which stated the following: "The District Attorney's Office would also agree to include a provision in the sentencing order that they have no objection to your immediate deportation." *Id.* Saleem contends that his counsel left him with the impression that he would be deported immediately. *Id.* at 17. Saleem further argues that his counsel rendered ineffective assistance by not objecting or informing Saleem that he could withdraw his plea. *Id.* at 18.

- 3 -

According to Saleem, the sentencing judge appeared to be unaware that another judge had accepted Saleem's plea, which was conditioned upon Saleem's immediate deportation. *Id.* at 20.

In his second claim of error, Saleem argues that the PCRA court improperly denied him relief, where his guilty plea was "unlawfully induced where the circumstances make it likely that the inducement caused him to plead guilty and he is innocent." *Id.* at 23. Saleem again asserts that he was unlawfully induced to plead guilty with a promise of immediate deportation. *Id.* Saleem argues that the sentencing judge disagreed with the judge who accepted his plea. *Id.* at 24. According to Saleem, he is innocent, and a surveillance video would prove his innocence. *Id.*

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Montalvo*, 114 A.3d 401, 409 (Pa. 2015) (citation and internal quotation marks omitted).

> Where a PCRA court fails to support its holding with sufficient explanations of the facts and law, or fails to provide an adequate opinion addressing all of the claims raised in a PCRA petition, including factual and credibility disputes, a remand is appropriate.

*Id.* at 410.

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v.*

***Mitchell***, 105 A.3d 1257, 1272 (Pa. 2014) (citations omitted). To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). Specifically, a petitioner must establish that "the underlying claim has arguable merit; second, that counsel had no reasonable basis for his action or inaction; and third, that [a]ppellant was prejudiced." ***Commonwealth v. Charleston***, 94 A.3d 1012, 1020 (Pa. Super. 2014), "Where it is clear that a petitioner has failed to meet any of the three, distinct prongs of the … test, the claim may be disposed of on that basis alone, without a determination of whether the other two prongs have been met." ***Commonwealth v. Steele***, 961 A.2d 786, 797 (Pa. 2008).

"Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." ***Commonwealth v. Hickman***, 799 A.2d 136, 141 (Pa. Super. 2002) (citations and internal quotation marks omitted). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on [a]ppellant." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa. Super. 2011). Additionally, "counsel cannot be held ineffective for failing to pursue

a meritless claim[.]" ***Commonwealth v. Hall***, 867 A.2d 619, 632 (Pa. Super. 2005).

Upon our review of the parties' briefs and the certified record, we agree with the sound analysis of the PCRA court, as set forth in its Opinion, and its conclusion that Saleem's claims lack arguable merit. ***See*** PCRA Court Opinion, 7/22/16, at 15-21. Specifically, the PCRA court found that there was no promise of immediate deportation in exchange for Saleem's plea, and counsel did not render ineffective assistance in this regard. ***See id.*** We therefore affirm on the basis of the PCRA court's Opinion with regard to this claim.[4] ***See id.***

In his third claim, Saleem argues that the sentencing judge was biased against him. Brief for Appellant at 26. Saleem directs our attention to the following hypothetical, stated by the sentencing judge, as an example of how Saleem could be permitted back into the United States, even after deportation:

> Let me give a hypothetical. Let's say that [Saleem's] ever in Pakistan. He comes into knowledge about a terrorist. He goes to the United States Consulate and says, I'll give up this terrorist. I'll let you know where he is, I'll let you know where he's staying, but you are going to have to let me come back and live with my family in America. Now, when that happens—if that happens—the federal government is going to say, hum, we can take out a terrorist who's dangerous to thousands of people and may commit horrific acts and all we have to do is let this guy

---

[4] We additionally note that, at the sentencing hearing, the Commonwealth informed the trial court that deportation proceedings had been instituted based upon two prior convictions for sexual assault, relating to different victims, which took place in 2009. N.T., 6/3/15, at 5-6.

come back and live in America with his wife and children. That's going to be awful tempting.

Brief for Appellant at 26 (quoting N.T., 6/3/15, at 11-12). Saleem argues that the judge's comments demonstrate the judge's prejudice against him. *Id.* Saleem also directs our attention to the sentencing judge's explanation regarding the court's concern that Saleem would not be incarcerated in Pakistan:

> [Saleem's] not going to be put in jail in Pakistan. I can't—I'm speculating when I say that he might be viewed as a hero there, but—and that is speculation. But I know that he gets off that plane in Islamabad, the American officials are going to send him out of a gate, take his handcuffs off, and say, bye, bye. And he's free as a bird. In fact, that I know and that's not something I'm comfortable with.

Brief for Appellant at 27 (quoting N.T., 6/3/16, at 16).

Our review of the record discloses that Saleem did not raise this claim in his PCRA Petition or before the PCRA court. Accordingly, it is not preserved for appellate review. **See** Pa.R.A.P. 302(a) (stating that a claim cannot be raised for the first time on appeal).

In his final claim, Saleem argues that his PCRA counsel rendered ineffective assistance for failing to investigate and raise claims of arguable merit. Brief for Appellant at 29. Specifically, Saleem argues that his PCRA counsel failed to raise the second and third claims Saleem now raises in this appeal. *Id.* In support, Saleem baldly assets that his claims have arguable merit; counsel had no basis for not presenting the claims; and the claims,

and their cumulative effect, had an adverse effect on the outcome of the proceedings. *Id.* at 30.

Regarding Saleem's claim of ineffective assistance of PCRA counsel, based upon an alleged promise of immediate deportation, we note that Saleem challenged his plea agreement before the PCRA court. During the PCRA proceedings, the PCRA court asked counsel, in Saleem's presence, as to the issues that Saleem sought to raise in the PCRA proceedings. N.T., 3/24/16, at 3. Counsel indicated that Saleem sought to challenge only his guilty plea as unknowing and involuntary, based upon Saleem's belief that the agreement provided for immediate deportation. *Id.* Thus, Saleem's challenge to PCRA counsel's actions lacks arguable merit, as counsel, in fact, challenged the plea agreement.[5]

Under these circumstances, we conclude that Saleem's claim of PCRA counsel's ineffectiveness, based upon an alleged promise of immediate deportation, lacks arguable merit. At the PCRA hearing, Saleem acknowledged the Commonwealth's agreement that it would not object to deportation. N.T., 3/24/16, at 11. The Commonwealth complied with the plea agreement. The Commonwealth, in compliance with the agreement, lodged no objection to the immediate deportation of Saleem. *Id.* at 11. Consequently, there is no arguable merit to Saleem's underlying claim. *See*

---

[5] Our review of the notes of testimony from the sentencing hearing further discloses that the trial court correctly informed Saleem that it had no involvement with federal deportation proceedings. N.T., 6/3/15, at 19, 21-22; *see also* PCRA Court Opinion, 7/22/16, at 15-20.

***Steele***, 961 A.2d at 797 (stating that where a petitioner fails to meet any of the three prongs of the ineffectiveness test, the claim may be disposed of on that basis alone).

We further conclude that Saleem's claim of ineffective assistance, based upon PCRA counsel's failure to allege bias by the sentencing judge, is waived, based upon Saleem's failure to raise the issue before the PCRA court. ***See*** Pa.R.A.P. 302(a) (stating that a claim cannot be raised for the first time on appeal); ***see also Commonwealth v. Henkel***, 90 A.3d 16, 29-30 (Pa. Super. 2014) (*en banc*) (finding ineffective assistance of PCRA counsel claims cannot be raised for the first time on appeal). We therefore affirm the Order of the PCRA court.

Motion to Expedite denied. Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/2017

- 9 -